Good morning, Your Honors. May it please the Court, Counsel, Mark Fisher from the Appellate Defender's Office, representing the defendant in this case, John M. Marizetts. Mr. Marizetts entered into a fully negotiated plea agreement. He pled guilty to a charge of felony murder. He was sentenced to a term of 36 years in prison. Subsequently, he filed a pro se post-conviction petition that was summarily dismissed by the circuit court at the first stage of post-conviction review. The defendant submits that his petition alleged at least the gist of a claim of a constitutional violation sufficient to withstand first stage review. He therefore respectfully asks this court on appeal to reverse the summary dismissal order and to remand this cause for second stage proceedings, including the appointment of counsel. Now, as part of his negotiated plea agreement, the defendant expressly waived his right to challenge his conviction, either through direct appeal or through collateral proceedings. Nonetheless, he filed a post-conviction petition. The sole reason provided by the judge for summarily dismissing the petition was that it was barred by this waiver. Now, I'll be honest with the court. When I initially read the record in this case, my gut reaction was that the judge is right. The defendant waived the right to file a post-conviction petition. Therefore, he can't file a post-conviction petition. I then did some research, found two important things. One, that in Illinois, a defendant can, as part of a guilty plea, validly waive his right to appeal. But in addition, in order to be valid, in order to be binding, that waiver must be knowing and voluntary, just as guilty plea itself must be knowing and voluntary in order to be valid. Now, the defendant alleged in his petition that his guilty plea was not knowing and voluntary because he received ineffective assistance of plea counsel. Among other things, he alleged that counsel threatened and coerced him to plead guilty. Also, that counsel possessed important information that he did not share with the defendant prior to the plea that would have made a difference to the defendant. And let me talk just a little bit about that information. At the time of the defendant's guilty plea, he was actually serving a sentence in federal prison for an unrelated offense. Now, both prior to the plea and, in fact, during the plea agreement, Mr. Marazetz incriminated himself, but also incriminated co-defendants who were fellow gang members. And, in fact, plea counsel told the judge during the plea hearing that Mr. Marazetz was afraid of retaliation from these fellow gang members. Apparently, Mr. Marazetz believed that he still had some time to do on the federal sentence. Now, he knew he'd have to do at least some of the Illinois sentence, maybe quite a bit of the Illinois sentence, in the Illinois Department of Corrections. But he believed he, at least at first, he'd be going back to federal prison for some period of time. Of course, if he's in federal prison, his thought is that he doesn't have to worry about the retaliation. Well, he claimed that he learned after he pled that his federal sentence had been reduced, therefore requiring him almost immediately to proceed to the Illinois Department of Corrections. He alleged in his petition that counsel knew this information, didn't share it with him, and that that would have made a difference to him. The defendant submits that these allegations by the defendant were cognizable post-conviction claims of ineffective assistance, alleging that his plea, and therefore the waiver, were not knowing involuntary. And for that reason, the judge erred by dismissing the petition solely on the ground of the waiver. And in the brief, I've cited a case to your honors, Pupil v. Alfonso. It's a recent decision of the Second District of Public Court involving similar factual circumstances. In Alfonso, as in the case of Barr, the defendant pled guilty and agreed as part of that plea to waive his right to appeal or to seek collateral relief. As in the case of Barr, he proceeded to file a post-conviction petition, which the judge summarily dismissed on the ground that it was barred by the guilty plea waiver. The appellate court reversed and remanded, sent it back for additional proceedings, because in his petition, Mr. Alfonso alleged that he had received ineffective assistance of plea counsel and that, as a result, the waiver was not knowing involuntary. And the Second District Appellate Court ruled that the judge erred in not considering the substance of those allegations. Mr. Maryzutz argues he should receive the same relief. Now, what was the ineffective assistance of plea counsel in the Second District case? Truthfully, I forget the particulars of his claim. So it's not, to your knowledge, on all fours in terms of his sentencing credit? That's probably likely. Now, the state argues on appeal that this court can affirm on any basis established in the record. The state argues that there is a basis established in the record that supported the judge's decision, even if it was a different basis on which the judge relied. And the state specifically argues that the petition was simply frivolous and patently without merit, that it was not adequate to require second-stage proceedings. The defense and the state had different views about the allegations and the sufficiency of the petition. I would submit, Your Honors, that in his petition, once again, the defendant made allegations that were outside the record, that were not rebutted by the record, because he's talking here about personal communications which he had with counsel in terms of the coercion, which is not no indication of those personal communications in the record. He's also alleging counsel knew certain information that he failed to share with the defendant. And again, that, of course, is not in the record either. To this stage, there's been no response from plea counsel, no input from plea counsel. The defendant's allegations raised factual and credibility questions, which cannot be resolved at the first stage of post-conviction review. They really require a third-stage evidentiary hearing. I can't tell you, Your Honors, of course, whether the allegations are truthful or not, but the circuit court couldn't make that determination. Neither requires testimony from the defendant, perhaps testimony from plea counsel. That's not in the first instance. That's right. That's correct. And again, these are cognizable claims of a constitutional violation in effective assistance of plea counsel, leading to a plea which is not knowingly involuntary, according to the defendant's allegations. These allegations, the defendants in this were not frivolous or patently without merit. They were not fantastic or delusional, using the language set forth by the Illinois Supreme Court in People v. Hodges. I suspect that when the judge ruled on this petition, he had the same feeling that I had when I first read the record. The defendant waived his right to appeal or to file collateral proceedings. Therefore, he was automatically barred from filing a post-conviction petition at the end of the story. But I think looking at the facts in this case, looking at the allegations in the petition, and looking at the case law, it's not the end of the story. The judge could not dismiss this petition solely on the ground of waiver. And for these reasons, Mr. Narazov respectfully asks your honors to reverse the summary dismissal order and to revamp the cause for second-stage proceedings, including the appointment of counsel. Are you suggesting that as a matter of policy, a defendant can't agree to waive collateral attacks? The Illinois case law says the defendant can make that waiver, even though it's a constitutional right to appeal. He can validly waive it. In order to be valid, in order to be binding, the case law says it has to be knowing and voluntary. It surprises me in terms of being able to waive, but there's a fair amount of case law. I so appreciate your candor. So your client is alleging that he didn't plead guilty knowingly and voluntarily because of some collateral consequences? Well, he's also saying that counsel threatened and coerced him to plead guilty. In addition, yes, he's saying that this information would have made a difference to him. Again, plea counsel at the plea hearing even said to the judge that because of this information, which the defendant had given against the co-defendants, that he was in a – I can't get the exact language, but that he was in a difficult position of being in custody. He asked the judge even to recommend, although the judge's recommendation wouldn't be binding, but asked the judge to recommend that Mr. Morizetz be put in a place where he'd be separated from these other individuals. So apparently in favor of Mr. Morizetz, he made some other claims in his petition as well. Do you think he was properly admonished regarding waiving his right? At the time of the plea, the judge did discuss the waiver of the right to appeal or even seek collateral relief. He did admonish. The state side of the case decided by this court, Pupil v. Reed, where a defendant made an allegation on appeal that the judge's admonishments were inadequate with respect to the waiver. This court said that the admonishments were adequate. So that's not the defendant's argument here. That's what I greatly appreciate. Your time. All right. Thank you, Your Honor. Thank you, Your Honor. Thank you, Mr. Chairman. Your Honor. Your Honor. Good morning, Your Honors. Counsel. I will take up first the issue of Alfonzo. Alfonzo is a different case for multiple reasons, first of which it was not summarily dismissed by the judge. It was stricken. The judge struck it. And if you look in particular at page 38 of the Alfonzo decision, they talk about that we acknowledge the existence of the presence of the claim. It's not our role to determine whether it's frivolous or patently without merit. It is the role of the trial court, and the trial court struck the petition without reviewing it. In this case, the trial court reviewed the petition and summarily dismissed it, which is a different procedural stand. Also, the Alfonzo court said that because it was beyond the 90-day period for filing, after filing the initial petition, it had to be sent back for second-stage proceedings. Of course, that's not what happened here. The trial judge summarily dismissed the petition within the 90-day period. So Alfonzo procedurally is a different case. Well, what did the trial judge give as its reason for summarily dismissing? He gave the reason as that it violated the agreement, but there's still a distinction between striking the petition without reviewing it and reviewing the petition and the transcript and determining that there's no merit in this case because it was a violation of the agreement. The Reid court, of course... That's kind of a really fine way of cutting it. I mean, I think this case was cited for the proposition that you can waive post-conviction relief in a plea. Yes. Okay. But arguably here, it appears from the record that the trial judge was dismissing it because of the agreement to waive, even though it may have been reviewed with the transcript, et cetera. That seemed to be the basis for the trial judge's ruling, doesn't it? That is what the trial judge said in the order, which is, turning to Reid's, it is not necessarily the reasoning of the trial court but the judgment of the trial court. And Reid, this court, did the opposite. The trial judge had dismissed it on the basis it was frivolous and patently without merit, and this court said, no, it violated the agreement not to proceed on collateral proceedings. So our position is that even if you were to find that it was improper for the trial judge to dismiss it on that basis, this court can look at the substance of it and determine that it was frivolous and patently without merit. And why is that? Well, because first, the threats are rebutted by the record. The defendant appeared at this hearing that was supposed to be a summary motion on his motion to suppress, and defense counsel presented that an offer had been made by the state and the defendant had rejected it. The people said, hey, yeah, we're going to withdraw this if we proceed. The trial judge turns to the defendant and says, well, what's your understanding? And the defendant says, well, yes, I thought it would come here for a summary, but about that offer, I wanted to reconsider it. So it was the defendant himself who presented the wanting to reconsider the claim. Then we go through all the admonishments after he meets with counsel, actually even before he meets with counsel. The trial judge goes through, okay, you understand these are the charges, these are potential penalties, this is the offer that you were to receive. The defendant agrees to that and says, okay, now go off to meet with your counsel. Then they come back and there's the agreement. Then there's the long admonishments by the trial judge. I mean, this is perhaps the model of what you want to do as a trial judge for trying to get across to the defendant what it is you're agreeing to. He discusses not only the charges, what he's facing, what the deal is, but also what his appeal rights are, and that he would be weighed in post-conviction, habeas, and 214.01 petitions. I mean, that's all within a unique, quote that all in brief, about what's going through each admonishment. And the trial judge on multiple occasions asks, well, on more than one occasion asks, hey, have you been threatened or coerced into doing anything, into accepting this agreement? And the defendant says, no, sir. At one point, the defendant even says, I'm pleading guilty of my own free will, Your Honor. And then later, after that, the court asks, do you understand you're also giving up your collateral attack rights? And has anybody threatened you or coerced you into giving up those rights? And he says, no. Did anybody ask him what those rights were? No, yes. Oh, the trial judge goes through this whole discussion from 120. I mean, it starts at like 113. The judge went through a lengthy explanation of various collateral rights. That's 121 to 122 in the record. Yes, yes, he went through that all. If there was any doubt, I mean, this is, as I say, the model of what you want the judge to do. As far as the claim about the defendant not knowing his federal sentence was going to be reduced, there is no support whatsoever as to when he learned about this, when counsel supposedly learned about this. There's no supporting documentation that his sentence was reduced, actually. So on its face, the petition is deficient. Plus, if you look at the petition, there's no rational reason for the defendant to have rejected the plea. Under Brown, Valdez, Hughes, all the Supreme Court cases that say that you have to consider that. He was facing a minimum of 51 years and a maximum life sentence, 100 percent served. He got 36 years on this deal. It would not be rational for a defendant to reject the plea under Brown. Therefore, the defendant's bare allegation that he wouldn't have proceeded on the guilty plea, if he but for counsel's alleged errors, it fails under Brown. So our position is that he has completely waived his collateral rights and it should be dismissed on that basis. And also that it fails as frivolous and patently without merit on the face of the petition. Therefore, we ask that this Court affirm the dismissal of the post-conviction petition. Thank you. Thank you, Mr. Ryder. Mr. Fisher. Thank you. Counsel for the State argues that Alfonso is distinguishable because there the judge struck the petition, here the judge dismissed the petition. The procedure might be a little bit different, but I think we're dealing with semantics. The fact of the matter is that in Alfonso, the circuit judge rejected the petition solely based on the waiver, when the appellate court said that's not good enough, because there were allegations that the waiver was not knowing and voluntary. In this case, the judge rejected the petition on the same basis, based on the waiver, defendant's allegations are that the plea is not knowing and voluntary. So whether restricted or dismissed, it's the same difference. Even if the owners do say, okay, Alfonso is a little bit different, the defendant would nonetheless make the same argument that the judge erred here because he relied solely on the waiver. And when a case law says, yes, the waiver can be good, it can involve you, but in order to be valid and binding, it must be knowing and voluntary, defendant argues it was not knowing and voluntary. Does that have to be knowing and voluntary? In fact, that actually does have to be both, your honor. Now, what did the court in Alfonso do?  And remanded. And remanded the court with directions to do what? Well, my recollection is if at first stage you lose, if it's going back, it has to go to second stage. Well, the judge never considered anything but the waiver. Right. I think it would have to be second stage regardless because you can't judge the credibility of the assertion that it was not knowing and voluntary at first stage. Well, wouldn't that trial judge arguably, I would suggest, actually looking at whether he had to make the normal finding at first stage of statement of a just constitutional claim? If the record is silent on that, am I correct? He didn't specifically reach that. That's correct. That's right. It's silent on that. It was, there's a waiver there. A waiver can be made and therefore you cannot go, you're done. You can't even file first stage. I imagine your honors could remand for de novo first stage review. I think. That's where I guess I was going. I think though your honors can also look at the record in this case and say that whether the allegations are adequate to get to the second stage. I think that's de novo review itself. I don't think your honors would have to rely on a trial judge or circuit court's estimation. I think your honors could look at the allegations here and say he made this claim. In effective assistance, based on matters outside the record, this credibility cannot be determined at the first stage, so the case must proceed further than the first stage and the next step would be second stage. Now the state argues that the coercion and threatening allegation, the fact that the allegation was threatened and coerced by counsel, is rebutted on the record. It also says that the judge did everything that he was supposed to do, that it was a model of what the judge was supposed to do, and importantly we reiterate here the defendant's not faulting the judge in any way, shape, or form here. With respect to the original trial judge, with respect to the original plea here, not arguing the improper admonishments as to anything. That was a claim that was made on appeal in the Reed case. It is not being made by the defendant in this case. With respect to the judge asking, well, has anybody threatened or coerced you, and the defendant saying no. Assign the credibility that the defendant's allegation was credible, was truthful, that he was coerced and threatened by counsel. Counsel has one minute. Thank you. It's unlikely that within the next matter of minutes the defendant is all of a sudden going to say to the judge, I was threatened and coerced by counsel. If he's still under the influence of that coercion and threat and so now he's waiving his right to go to trial, waiving his right to have a hearing on his motion to suppress, and giving up the right to plead guilty, or deciding to plead guilty, giving up everything else, he's not in the next moment likely to say, oh, by the way, counsel threatened and coerced me. So I don't think the record truly, I don't think the record here is enough. I'm not following your argument. What was the threat by defense? Well, we don't know. We don't know specifically. The defendant simply alleged in the petition that counsel coerced and threatened him to plead guilty, did not provide more detail. Because I'm wondering, was his ability to serve the sentence in federal prison part of the negotiated agreement? Was that a problem? It was not part of the negotiated agreement. Nothing said at all during the plea agreement that he would serve the federal sentence, that he would continue, that he wouldn't. Nothing was said whatsoever about that. What about Mr. Arado's point that the petition was not supported by an affidavit? Well, I don't know what the defendant could have said other than what he said in his petition. He's claiming he didn't know this and that the counsel didn't share the information with him prior to the plea in terms of the disposition of the federal sentence. If it wasn't part of the plea, then what does it matter? Well, it's not part of the plea, but his belief, except his allegations, is that at the end of this plea hearing, he's going to return to federal prison. He did return. Well, his thought was that he was going to return, so it would be a little bit of time before he'd have to go to Illinois D.L.C. But he was going to return for 210 months, and he was released. And it was actually reduced to 88, according to the allegations in his petition. So he could have supported his petition with some indicia of when that decision was made? I suppose he could have. He did say that it occurred after the plea, so it's not something he knew at the time he pled guilty, and he claimed this was important to him. Okay. Given the precise day or month or year when he found that out, I don't know how much it would have added. It's still really a credibility question. You've answered my question about the nature of the threat. I was having trouble understanding that. Thank you. Okay. Thank you, Your Honor. Would Your Honors have any other questions? The defendant submits that this petition was sufficient to get to the second stage. It was not frivolous. It was not fantastic or delusional. These claims were outside the record, credibility questions. In the first stage, the reason given by the judge was insufficient. The defendant submits there's no other adequate reason in this record to support the summary dismissal order, and for that reason, he seeks relief from Your Honors. Thank you. Thank you, Justice Ginsburg. Thank you, Your Honor. And thank you both for your argument today as well. Take this matter under advisement and get back to your previous position. We've been assured.